UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANGELINE RENEE DRAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:10-CV-305 |
| v. | ) |
| | ) Chief Judge Curtis L. Collier |
| CITIMORTGAGE, INC. and | ) |
| THE STATE OF TENNESSEE | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M**

Before the Court are motions to dismiss filed by Defendants Citimortgage, Inc. and the State of Tennessee ("Citimortgage" and "Tennessee;" collectively, "Defendants") (Court File Nos. 13, 8). Plaintiff Angeline Drake ("Plaintiff") responded (Court File Nos. 17, 15), and Defendants replied (Court File Nos. 23, 16). Plaintiff subsequently filed a sur-reply to Tennessee's reply brief (Court File No. 22), and Tennessee replied (Court File No. 26). On February 23, 2011, the Court held a hearing on the motions to dismiss. The Court allowed the parties to submit additional briefing (Court File Nos. 28-33). For the reasons set forth in this memorandum, the Court will **GRANT** Citimortgage's motion to dismiss (Court File No. 13). Because this disposes of the entire case, the Court will **DENY AS MOOT** Tennessee's motion to dismiss (Court File No. 8).

**I.     Facts**

This case arises out of the non-judicial foreclosure of Plaintiff's home by the holder of the mortgage, Citimortgage. On February 28, 2006, Plaintiff executed a mortgage loan on the property, secured by a deed of trust in favor of the lender. The deed included a "power of sale" clause, which allowed for a non-judicial foreclosure upon the property in the event of default. On August 23,

2010, the trustee, acting on instructions of Citimortgage, foreclosed upon the property.

On October 13, 2010, Citimortgage brought an unlawful detainer action against Plaintiff in the General Sessions Court of Hamilton County, Tennessee, seeking possession of the property it obtained by foreclosure sale. On November 1, 2010, Plaintiff answered Citimortgage's complaint, alleging Tennessee's foreclosure process is unconstitutional under the Due Process Clause of the 14th Amendment to the United States Constitution, unconstitutional under the Tennessee Constitution, and against Tennessee public policy. Plaintiff requested the General Sessions Court to find she is entitled to possession of the property.

On November 30, 2010, the Tennessee Attorney General filed an acknowledgment of Plaintiff's constitutional challenge to Tennessee's foreclosure process, wherein the Attorney General reserved the right to intervene in the state court proceeding, but did not so intervene at that time.

On January 13, 2011, Plaintiff filed an amended answer in the State Court proceeding, in which she struck her Constitutional challenge to the Tennessee non-judicial foreclosure statutes, and chose to rely instead upon a general denial of the claims made by Citimortgage. On January 21, 2011, an Agreed Order to Continue the Case Indefinitely was filed in the State Court, upon agreement of Plaintiff and Citimortgage. Apparently, on January 4, 2011, Plaintiff and Citimortgage had agreed to not to take any step in the State Court proceeding until the conclusion of the present federal action.

In her federal Complaint, Plaintiff asserts federal question jurisdiction, insofar as the action purportedly arises under the Due Process Clause of the 14th Amendment, and 28 U.S.C. § 1983 provides a cause of action. Any other claims, namely, that Tennessee's non-judicial foreclosure statutes violate the Tennessee constitution and Tennessee public policy, are purportedly within the

2

Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. In her amended complaint Plaintiff also asserts diversity jurisdiction, since she and Citimortgage are diverse. Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act declaring the Tennessee foreclosure process is unconstitutional, as well as a ruling that the Tennessee foreclosure process violates the Tennessee constitution and Tennessee public policy. Plaintiff requests this Court declare she was entitled to reasonable notice and a meaningful opportunity to be heard before foreclosure could take place, declare unconstitutional myriad provisions in Tennessee's statutes concerning non-judicial foreclosure, reach numerous conclusions about the specific features that would characterize a lawful non-judicial foreclosure regime, and set aside the foreclosure by Citimortgage.

Citimortgage urges the Court to dismiss Plaintiff's complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Citimortgage argues the non-judicial foreclosure at issue does not constitute § 1983 "state action," thus there is no federal question.

## II.     Standard of Review

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual

allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.     Analysis

Upon consideration of the pleadings and briefs, the Court concludes Plaintiff's Constitutional claim should be dismissed for failure to state a claim, and the remaining state law claims should be dismissed pursuant to the Court's discretionary authority to refrain from granting equitable relief.

### 1.     Constitutional Claim

It is well-established that the Fourteenth Amendment Due Process clause applies to state action, not private conduct. *See Flagg Brothers, Inc. v. Brooks*, 463 U.S. 149, 156 (1978). Thus, on its face, Plaintiff's complaint seems not to state a claim since the non-judicial foreclosure at issue is *by definition* a contractually-determined act involving private parties, not the state. Plaintiff recognizes this hurdle to her claim, but argues that Tennessee statutes recognizing, enforcing, and regulating non-judicial foreclosure effectively "convert" such foreclosures into state action. This argument is unpersuasive.

"[T]he actions of a private party will not be attributed to the state unless the state actually

compels the action." *King v. Emery*, No. 87-5419, 1988 WL 1101, *1 (6th Cir. 1988); *see also United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980) ("where state involvement in private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action even if the private party would not have acted without the authorization of state law"). Plaintiff provides a laundry-list of terms in Tennessee's non-judicial foreclosure statutes that purportedly make the state "pervasively involved" in the foreclosure process.[1] However, these provisions show only that Tennessee recognizes the right of private parties to contract for power of sale, provides some default terms in the event contracts authorizing power of sale are silent on some issues, and will enforce such contracts. They do not show that Tennessee compels non-judicial foreclosure, or is otherwise so entwined with the non-judicial foreclosure process that its apparent private character is only illusory. In fact, if Tennessee's recognition and willingness to enforce private contracts authorizing non-judicial foreclosure amounts to State action, it is difficult to see why the enforcement of almost *any* private contractual remedy in Tennessee would not be State action.

The conclusion that Tennessee's statutes recognizing and enforcing non-judicial foreclosure do not "convert" such foreclosures into State action is consistent with the consensus of courts, including the Sixth Circuit and this District. In *King*, 1988 WL 1101 at *1, the Sixth Circuit held

---

[1]For example: Tennessee judicial decisions charge the foreclosing party with the costs of judicial foreclosure; Tennessee legislation requires published or posted notice of a foreclosure; Tennessee law affords 20 days' notice of foreclosure; Tennessee law mandates 5 days' notice before an injunction against foreclosure can be granted; to obtain an injunction, Tennessee rules of civil procedure require the borrower furnish a bond; Tennessee statute allows trustees to act through agents in conducting foreclosure sales; Tennessee statute imposes criminal penalties and civil liability on a trustee who fails to follow the procedures of Tennessee's foreclosure statutes; Tennessee law provides a two-year right of redemption, but allows this right to be waived by contract, etc. (*See* Court File No. 1-1, ¶ 15).

5

Tennessee's statutory recognition of non-judicial foreclosures "falls short of the compulsion required to establish state action," and affirmed this Court's dismissal of a case bringing constitutional challenges to the statutes. On facts quite similar to the case at bar, the Sixth Circuit stated:

> The district court correctly concluded that this private foreclosure sale does not constitute state action. The Supreme Court has held that where state involvement in a private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action even if the private party would not have acted without authorization of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978). Indeed, under the *Flagg* standard, the actions of a private party will not be attributed to the state unless the state actually compels the action. *United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980).
>
> Tennessee does not compel the use of private nonjudicial foreclosure sales in financing agreements, but rather allows the creditor to choose between judicial sale or private nonjudicial sale. Plaintiff contends that the two Tennessee Supreme Court cases, decided in the 1800's, show that Tennessee compels private nonjudicial foreclosure sales. The court further stated that if the creditor chose to pursue a judicial foreclosure sale without good reason any additional cost would not be assessed against the defaulting debtor. *Clark v. Jones*, 93 Tenn. 639, 27 S.W. 1009 (1894); *Irvine v. Shrum*, 97 Tenn. 259, 36 S.W. 1089 (1896). This recognition of private nonjudicial foreclosure falls short of the compulsion required to establish state action. *See Flagg*, 436 U.S. 149; *Adikes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

*King*, 1988 WL 1101 at *1. This holding was consistent with an earlier Sixth Circuit case, in which the court held state statutes that enforce, regulate, and encourage self-help repossession under contractual power of sale provisions do not constitute state action. *See Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 29 (6th Cir. 1975) ("[T]his foreclosure statute does not empower the mortgagee to engage in any traditional state function. The rights exercised by the mortgagee upon the default of the mortgagor are essentially the same ones that existed at common law. The statute merely regulates the power of sale foreclosure; it does not create it.").

Other jurisdictions, too, have found non-judicial foreclosures are not state action. In *Garfinkle v. Superior Court of Contra Costa Cnty.*, 21 Cal. 3d 268 (1978), the California Supreme Court, in a quite thorough opinion, held non-judicial foreclosure was not state action either for purposes of the 14th Amendment or the California Constitution's similar provision. The court recognized the non-judicial foreclosure statutes at issue did not compel the inclusion of a power of sale in a deed, but only "restrict and regulate the exercise of the power of sale once a choice has been made by the creditor to foreclose the deed of trust in that manner." *Id*. at 279. The court addressed and rejected many contentions of the petitioner similar to those contained on Plaintiff's "laundry list" of purported state action in this case.

In the Ninth Circuit case *Apao v. Bank of New York*, 324 F.3d 1091, 1094-95 (9th Cir. 2003), the court surveyed numerous cases, and noted that at least six federal circuits have addressed the issue of whether non-judicial foreclosure is state action, and all six found no state action:

> When the constitutionality of such [non-judicial foreclosure] statutes was challenged in a series of cases beginning in the 1970s, six circuits, including our own, found that the provisions did not violate the Fourteenth Amendment. They held there was no state action in either the availability of such private remedies or their enforcement. *See Mildfelt v. Circuit Court of Jackson Cnty.*, 827 F.2d 343, 346 (8th Cir. 1987) . . . *Charmicor, Inc. v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) . . . *Levine v. Stein*, 560 F.2d 1175, 1176 (4th Cir. 1977) . . . *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 28-29 (6th Cir. 1975) . . . *Barrera v. Security Bldg. & Inv. Corp.*, 519 F.2d 1166, 1174 (5th Cir. 1975) . . . and *Bryant v. Jefferson Fed. Sav. & Loan Ass'n*, 509 F.2d 511, 513 (D.C. Cir. 1974) . . . . Those decisions have not been seriously questioned in the intervening years.

The *Apao* Court went on to hold, consistent with the above cases, that there was insufficient state involvement to attribute the non-judicial foreclosure at issue to the state itself. Numerous recent cases from a wide range of jurisdictions have all held similarly. *See*, *e.g.*, *Pease v. First Nat'l Bank*, 335 F. App'x 412, 414 (5th Cir. 2009) ("this court has held that no significant state action is

7

involved in non-judicial foreclosures under a deed of trust") (quotation omitted); *Kuder v. Haas*, No. 2:10-CV-404-MCE-KJN-PS, 2011 WL 346442 (E.D. Cal. Feb. 1, 2011) (adopting magistrate judge's Report and Recommendation ("R&R") re-affirming the *Apao* doctrine that there is no state action in non-judicial foreclosures); *Williams v. Cheyenne Crossing Residential Ass'n*, No. 4:10cv34, 2011 WL 344118 (E.D. Tex. Jan. 31, 2011) (adopting magistrate judge's R&R finding the proposition non-judicial foreclosures constitute state action to be erroneous and without any support in precedent); *Malally v. BAC Home Loan Servicing, LLC*, 3:10-CV-74-WBH, 2010 WL 5140031 (N.D. Ga. Dec. 13, 2010) (adopting magistrate judge's R&R finding there is no state action in non-judicial foreclosures); *Baptist v. Bank of New York Mellon*, No. 09-2569-STA, 2010 WL 1539973, *5 (W.D. Tenn. April 16, 2010) (holding non-judicial foreclosures performed pursuant to Mississippi law "do[] not present a due process issue because such foreclosure procedures do not involve state action"); *Brunson v. American Home Mortg. Servicing*, No. 2:09-CV-436 TS, 2010 WL 1329711 (D. Utah March 30, 2010) (holding non-judicial foreclosures performed in accordance with Utah law do not constitute state action)

In this case, Plaintiff cannot surmount the strong consensus of federal and state courts, including the Sixth Circuit and this District, that non-judicial foreclosures do not involve state action. None of the purported indicia of state "entanglement" Plaintiff points to amount to more than State recognition, regulation via "default" terms parties can adopt or change by contract, and enforcement of private power of sale provisions. To consider Tennessee's non-judicial foreclosure process "state action" because of this slight state involvement would be out of step with clear precedent, and would also effectively render the distinction between state and private action illusory. The Court finds no state action was involved in the non-judicial foreclosure of Plaintiff's property.

8

Accordingly, the Court will dismiss Plaintiff's Constitutional claim, because she has not stated a federal cause of action pursuant to § 1983.

   B.   **State Claims**

Upon disposition of Plaintiff's constitutional claim, what remains is the claim Tennessee's non-judicial foreclosure statutes violate the Tennessee Constitution and Tennessee public policy. There being no federal question to which this claim could be "so related" as to be within the Court's supplemental jurisdiction,[2] subject matter jurisdiction, if it lies at all, must lie in diversity. The Court notes Plaintiff pleaded diversity jurisdiction in quite cursory fashion, mentioning it in only two sentences in her amended complaint, and offering no explanation as to how the declaratory and injunctive relief sought could satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. However, even giving Plaintiff the benefit of the doubt that the amount in controversy exceeds $75,000, the Court concludes dismissal of all of Plaintiff's remaining state law claims is proper.

At the outset, the Court notes that Tennessee state courts have a strong interest in interpreting the meaning of the Tennessee Constitution, and the legislature of Tennessee has a strong interest in establishing public policy. *See Griffin v. Shelter Mut. Ins. Co.*, 18 S.W. 3d 195, 200 (Tenn. 2000) ("the determination of public policy is primarily a function of the legislature and the judiciary determines public policy [only] *in the absence of any constitutional or statutory declaration*") (citation omitted) (emphasis added). By contrast, this Court has minimal interest in interpreting the meaning of the Tennessee Constitution or declaring the public policy of Tennessee. The strong state

---

[2] 28 U.S.C. § 1367(c)(3) states the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Such demurral is especially appropriate where, as here, the claim was dismissed not because of some procedural deficiency, but because it was substantively a claim for which relief cannot be granted.

9

interests and minimal federal interests implicated in a civil action in which the only issue is whether state regulatory laws violate the state constitution and state public policy requires this court to consider doctrines of comity and abstention. *See Prentiss v. Allstate Ins. Co.*, No. 1:99CV43-C, 1999 WL 33320972, *2 (W.D. N.C. 1999) ("a civil action in which the only issue is whether a state regulatory law violates a state constitution, brought to federal court through its diversity jurisdiction, not only raises the jurisdictional question, but requires this court to consider statutory comity, common law comity, and, ultimately, the doctrine of abstention").

In *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010), the Sixth Circuit noted federal courts' "strict duty to exercise the jurisdiction that is conferred upon them by Congress." Nonetheless, the Court stated that "[h]owever 'strict,' even 'unflagging,' this duty may be, it 'is not . . . absolute.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Specifically, while discussing the *Burford* abstention doctrine, the court noted federal courts have the fundamental power to dismiss a case when only equitable relief is sought:

> In some areas, district courts already have discretion to dismiss a case, as in equity cases, or declaratory judgment actions, permitting them to dismiss a case [nominally under *Burford* abstention] because the courts already may deny relief altogether . . . . .

*Gray*, 628 F.3d at 784 (citations omitted). This inherent discretionary power was expressed by the Supreme Court in *Quackenbush* in no uncertain terms: "it has long been established that a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity." *Quackenbush*, 517 U.S. at 717 (quotation omitted); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) ("district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites"); *Weinberger v. Romero-Barcelo*, 456

U.S. 305, 313 (1982) ("The grant of jurisdiction to [issue injunctions] hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge . . . is not mechanically obligated to grant an injunction for every violation of law.").

Here, Plaintiff seeks exclusively equitable remedies. She primarily seeks declaratory relief, namely, that the Court *declare* many portions of Tennessee statutes violate the state constitution and public policy. On the basis of this declaration, she also wishes the Court to *enjoin* Citimortgage to return the home to her possession. Because Plaintiff seeks exclusively equitable relief, this Court has discretion to decline to exercise jurisdiction. The Court determines such discretion is well-advised here. Tennessee has an "overriding interest" in determining whether its statutes recognizing and enforcing private contractual power of sale provisions comport with the state constitution and public policy. *See Quackenbush*, 517 U.S. at 709. The substantial public import of this determination transcends the case at bar, and a ruling in federal court could potentially be extremely "disruptive of state efforts to establish a coherent policy" with respect to non-judicial foreclosures. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). Accordingly, and consistent with the "historic discretion exercised by federal courts 'sitting in equity,'" *Quackenbush*, 517 U.S. at 718, the Court declines to declare whether Tennessee's non-judicial foreclosure statutes violate the Tennessee constitution and public policy,[3] and will therefore dismiss all of Plaintiff's state claims.

---

[3]Since the Court declines to entertain the action for declaratory relief, *see Wilton*, 515 U.S. at 283 ("district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act"), the Court likewise will not entertain Plaintiff's request for equitable relief, since such relief logically depends on the prior declaratory nullification of the non-judicial foreclosure statutes.

## IV. Conclusion

For the reasons discussed above, the Court will **GRANT** Citimortgage's motion to dismiss (Court File No. 13). Because this ruling disposes of the entire case, the Court will **DENY AS MOOT** Tennessee's motion to dismiss (Court File No. 8).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**